UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL PRUITT,

     Plaintiff,

v.                                                           Case No. 8:17-cv-2355-T-AAS

ANDREW SAUL,
**Commissioner of Social Security,**

     Defendant.
_____/

## ORDER

Paul Pruitt's attorney Michael A. Steinberg moves for an award of $9,950 in attorney's fees under 42 U.S.C. Section 406(b). (Doc. 23). The Commissioner opposes the amount of fees sought.[1] (Doc. 24).

Mr. Pruitt applied for disability insurance benefits. (Tr. 184–87). After disability specialists denied his applications initially and after reconsideration, Mr. Pruitt requested a hearing before an Administrative Law Judge (ALJ), who found Mr. Pruitt not disabled. (Tr. 14–85, 88–104, 112–120). The Appeals Council denied Mr. Pruitt's request for review of the ALJ's decision. (Tr. 3–8). Mr. Pruitt then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision, and the Clerk later entered judgment for Mr. Pruitt. (Docs. 17, 18).

The Commissioner found Mr. Pruitt disabled on remand, and the Social

---

[1] At Mr. Steinberg's request, the court deferred ruling on the motion for thirty days to allow Mr. Pruitt the opportunity to consult outside counsel. (Doc. 23, p. 1).

1

Security Administration (Administration) issued a Notice of Award. (Doc. 23-2). Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Administration withheld $35,759 (twenty-five percent of Mr. Pruitt's past-due benefits) for attorney's fees. (Doc. 35-2).

Mr. Steinberg states he has no fee agreement with Mr. Pruitt. (Doc. 23, p. 6). Without a valid agreement addressing fees for court-level representation, applying the lodestar method for calculating a reasonable fee is proper. *See Sanfilippo v. Comm'r of Soc. Sec*, No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836, at *3 (M.D. Fla. May 5, 2008) ("In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the 'lodestar'-the number of hours reasonably expended multiplied by a reasonable hourly rate.") (citation omitted). Mr. Steinberg requests $9,950 in attorney fees for 19.9 hours. (Doc. 23, pp. 6-7). Mr. Steinberg requests a reasonable hourly rate of $200 but contends the court should apply a multiplier.[2] (*Id.* at p. 7).

In determining a reasonable fee, the court should consider the *Gisbrecht* principles—including the character of the representation, the results achieved, and the balance between the benefits and the time counsel spent on the case. *Gisbrecht*

---

[2] The Commissioner does not oppose Mr. Steinberg's hourly rate, nor the number of hours billed. (Doc. 24, p. 2). Rather, the Commissioner objects to Mr. Steinberg's request for a multiplier. (*Id.*).

*v. Barnhart*, 535 U.S. 789, 791 (2002). After review of Mr. Steinberg's billing records and services rendered, the court concludes Mr. Steinberg adequately represented Mr. Pruitt and obtained a favorable result. (*See* Doc. 23-1). The court finds an hourly rate of $200 per hour with a 2.5 multiplier is appropriate. *See Lloyd v. Colvin*, No. 13-23282-CIV, 2019 WL 2254948, at *2 (S.D. Fla. Apr. 18, 2019) (applying a 2.5 multiplier to counsel's request for Section 406(b) fees with no valid contingency fee agreement). Thus, Mr. Steinberg may recover attorney's fees under Section 406(b) for 9,950 (19.9 x $200 x 2.5).

The court awarded Mr. Steinberg $3,885.67 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 22). However, Mr. Steinberg states he has was not paid this fee. (Doc. 23, p. 3). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation and citation omitted); *DeRoche v. Comm'r of Soc. Sec.*, No. 2:14-CV-189-FtM-CM, 2019 WL 931957, at *1 (M.D. Fla. Feb. 26, 2019) (citations and footnotes omitted). If Mr. Steinberg had received attorney's fees under the EAJA, the fees would have to be refunded.

Accordingly, Mr. Steinberg's motion for attorney's fees under Section 406(b) (Doc. 23) is **GRANTED**. Mr. Steinberg is awarded **$9,950** in attorney's fees under 42 U.S.C. Section 406(b).

**ORDERED** in Tampa, Florida on August 31, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge